**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 1:06CV584-LG** |
| | § | **CRIMINAL NO. 1:04CR90-LG-JMR** |
| | § | |
| **RONALD SISK** | § | |

**MEMORANDUM OPINION AND ORDER**

**BEFORE THE COURT** is the Motion to Vacate, Set Aside, or Correct Sentence and for other relief [55], and Motion to Relate Back Amendment [58] filed by Ronald Sisk. In his "Motion to Relate Back Amendment," Sisk asks the Court to appoint him counsel. Upon reviewing the submissions of the parties and the relevant law, the Court finds that the Motion to Vacate and the motion requesting appointment of counsel should be denied.

**FACTS**

Ronald Sisk pled guilty to possession with intent to distribute a controlled substance and to possession of a firearm by a convicted felon. Sisk signed a Memorandum of Understanding in which he agreed to plead guilty and cooperate fully with investigators concerning any illegal activities of which he has knowledge. Ct. R. 60-2. In return, the Government agreed to recommend that Sisk be sentenced to the lower quarter of the applicable Sentencing Guidelines range. Ct. R. 60-2. Sisk also waived his right to appeal his conviction and sentence as well as his right to seek post-conviction relief. Ct. R. 60-2. Sisk was sentenced to a term of 168 months as to the controlled substance charge and a term of 120 months as to the firearm charge, with the sentences to run concurrently. Ct. R. 54, pp. 50-51. At the sentencing hearing, the Court noted that this sentence was within the lower quarter of the applicable Sentencing Guidelines range. Ct. R. 54, pp. 50-51. Sisk filed a Motion to Vacate, Set Aside, or Correct Sentence, asserting that the

Court violated his constitutional rights by failing to advise him that he could not withdraw his guilty plea if the Court did not accept the sentence recommended by the Government pursuant FED. R. CRIM P. 11(c)(3)(B). Sisk also asserts that he was given ineffective assistance of counsel because his attorney refused to file a Notice of Appeal on his behalf [1] and did not correct the Court's Rule 11 error at the plea hearing. Sisk asserts that he would not have pled guilty if he had known he could not withdraw his guilty plea.

## DISCUSSION

### MOTION REQUESTING APPOINTMENT OF COUNSEL
### AND REQUEST FOR HEARING ON MOTION TO VACATE SENTENCE

In his "Motion to Relate Back Amendment," Sisk requests appointment of counsel to assist with his Motion to Vacate Sentence. 18 U.S.C. § 3006A(a)(2) provides that counsel may be appointed to represent a person seeking relief under 28 U.S.C. § 2255 when "the interests of justice so require" if the person is financially unable to obtain representation. Sisk has demonstrated that he is capable of representing himself by filing competent pleadings and a brief that states his arguments. The Court finds that additional briefing by counsel would not assist the court and would be an inefficient use of judicial resources. Therefore, appointment of counsel would not be in the interest of justice. *See Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir. 1985).

The Court also finds that an evidentiary hearing is not warranted in this matter since the record in this case is "clearly adequate to dispose fairly of the allegations" made by Sisk. *See United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

---

[1] After his attorney refused to file an appeal on his behalf, Sisk filed his own Notice of Appeal, but the appeal was dismissed for failure to pay the filing fee.

### MOTION TO VACATE SENTENCE

A defendant may, as part of a valid plea agreement, waive his statutory right to appeal his conviction on direct appeal and under 28 U.S.C. § 2255, if the waiver is knowing and voluntary. *United States v. Melancon,* 972 F.2d 566, 567 (5th Cir. 1992). The plea agreement will be upheld where the record clearly shows the defendant read and understood it and that he raised no question regarding any waiver-of-appeal issue. *United States v. Portillo,* 18 F.3d 290, 292 (5th Cir. 1994).

In this case, Sisk confirmed that he had read the Memorandum of Understanding and had it explained to him by his attorney. Ct. R. 60-3, p. 7. He also confirmed that he understood it and voluntarily agreed to it. Ct. R. 60-3, p. 7. Paragraph 8 of the Memorandum of Understanding provides:

> 8. Defendant, knowing and understanding all of the facts set out herein, including the maximum possible penalty that could be imposed, and including his right to appeal the sentence imposed, and including his right to appeal the sentence imposed as provided in Section 3742, Title 18, United States Code, hereby expressly waives the right to appeal the conviction and/or sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Section 3742, or on any ground whatsoever, and expressly waives the right contest the conviction and/or sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Section 2255, Title 28, United States Code and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case . . . .

Ct. R. 60-2 p. 3. Furthermore, the transcript of the plea hearing, conducted March 1, 2005, establishes that Sisk understood the terms of the plea agreement and that he knowingly and voluntarily waived his right to appeal and his right to seek post-conviction relief:

> The Court:   Now, under Paragraph 8 of your plea agreement Mr. Sisk on Page 3 you are agreeing as part of your agreement with the government that you are going to waive that is; give up your right to appeal the sentence in this case or to contest the sentence in a post conviction proceeding, is that correct, as well?

Sisk:         Yes, Your Honor.

The Court:    Let me be sure that you understand that, because this is kind of important and I will go over it with you in more detail later, but you are agreeing that you will not – that you are going to give up that right, everyone has the right to appeal a sentence, but you are giving that right up, it's what we call waiving that right in your agreement with the government. And you would not be permitted to appeal your sentence. Do you understand that that is part of your plea agreement?

Sisk:         Yes, Your Honor.

The Court:    And, you are also giving up the right to contest your sentence in a post conviction proceeding, sometimes that is called habeas corpus, so you understand that as well?

Sisk:         Yes, Your Honor.

. . . .

The Court:    Do you understand that under some circumstances you or the government would have the right to appeal the sentence, but again you have given up that right. You have waived that right in your plea agreement.
              Now, Mr. Sisk, the right to appeal a sentence I go over it with you again, because it is an important right. It is an [sic] valuable right. I want to be absolutely sure that you understand the import of having waived it.
              Have you fully discussed with Mr. Aldridge that particular aspect of your plea agreement?

Sisk:         Yes, sir, and he said as long as they go by the memorandum, what is said in there, then there shouldn't be any problem.

The Court:    That is correct, they are bound by the memorandum, but do you understand, what I want to know, what I want to be sure of is that you understand that you are giving up the right to appeal any sentence I impose, do you understand that.[sic]  And, have you fully discussed that with your lawyer?

Sisk:         Yes, Your Honor, I will just hope and prayer [sic] that you are a good judge and you will take into consideration all of the facts.

. . . .

The Court:    Have you fully counseled with Mr. Sisk in regard to this aspect of his plea agreement and are you satisfied that his willingness to waive his right to appeal the sentence or to contest it in a post conviction proceeding is

-4-

                        knowing and voluntary?

Mr. Aldridge:    Yes, sir, I have met with Mr. Sisk on numerous occasions the most recent being last Sunday morning. We reviewed the Memorandum of Understanding we have gone over it word by word, line by line, paragraph by paragraph on several occasions and I am completely [sic] he understands the import of every aspect of the MOU.

Ct. R. 60-3 at pp. 9, 14-16.

Even if Sisk had not waived his right to file a § 2255 motion, the Court has reviewed the grounds for relief presented and concludes that Sisk would not be entitled to relief. There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) The sentence was imposed in violation of the constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see United States v. Cates,* 952 F.2d 149, 151 (5th Cir. 1992). "[O]n collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *United States v. Samuels,* 59 F.3d 526, 528 (5th Cir. 1995) (*United States v. Shaid,* 937 F.2d 228, 232 (5th Cir. 1991)). Therefore, relief under § 2255 is reserved for violations of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir. 1992).

**RULE 11 ALLEGATION**

"To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request." FED. R. CRIM. P. 11(3)(B) (emphasis added). Rule 11(c)(1)(B) provides that "the plea agreement may specify that an attorney for the government will

. . . recommend, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request does not bind the court)." FED. R. CRIM. P. 11(c)(1)(B).

Sisk asserts that the Court violated Rule 11 by failing to advise him that he had no right to withdraw his plea if the Court did not follow the sentencing recommendation. Meanwhile, the Government contends that the plea agreement signed by Sisk is not of the type specified in Rule 11(c)(1)(B) because no sentencing range was recommended pursuant to the Memorandum of Understanding. However, the Court has reviewed the Memorandum of Understanding and has determined that the Government agreed to recommend that Sisk be sentenced to the lower quarter of the applicable Sentencing Guidelines range. Ct. R. 60-2, p. 1. The Court accepted that recommendation and sentenced Sisk to the lower quarter of the applicable Sentencing Guidelines range. Ct. R. 54, pp. 50-51.

As explained previously, relief under § 2255 is reserved for violations of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *Vaughn,* 955 F.2d at 368. Since the Court accepted the Government's recommendation, Sisk did not suffer any harm or violation of his constitutional rights as a result of the failure to advise him that he could not withdraw his plea if the Court rejected the recommendation. *See United States v. Johnson*, 1 F.3d 296, 302 (5th Cir. 1993) (holding that errors made in Rule 11 colloquy should be subjected to harmless error analysis). Therefore, Sisk is not entitled to relief pursuant to § 2255 for the alleged Rule 11 violation.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the

defendant.  *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983).  "This includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea."  *Estelle,* 711 F.2d at 682 (internal citations omitted).  A criminal defendant claiming ineffective assistance of counsel must show (1) that counsel's representation "fell below an objective standard of reasonableness," and (2) that counsel's deficient performance prejudiced the defendant.  *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984).  With regard to a guilty plea, the defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

      Sisk first asserts that he received ineffective assistance of counsel because his attorney did not correct the Court's Rule 11 error at the plea hearing.  However, as previously explained, the alleged Rule 11 error was the failure to inform Sisk that he could not withdraw his guilty plea if the Court did not accept the Government's sentencing recommendation.  Since the Court accepted the sentencing recommendation, Sisk cannot demonstrate that he was harmed or prejudiced in any way as a result of this error.  *See Strickland*, 466 U.S. at 694 (a criminal defendant must demonstrate that his attorney's deficient performance prejudiced him).  Therefore, Sisk's ineffective assistance claim concerning the Rule 11 error must fail.

      Sisk also argues that he was provided ineffective assistance of counsel because his attorney refused to file a Notice of Appeal on his behalf and did not correct the Court's Rule 11 error at the plea hearing.  In support of his claim that the denial of his request for an appeal constituted ineffective assistance of counsel, Sisk relies upon *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), in which the Court held that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a

successful ineffective assistance of counsel claim entitling him to an appeal."  However, a criminal defendant who waived his right to appeal is precluded from asserting an ineffective assistance of counsel claim based on counsel's failure to file a notice of appeal.  *See, e.g., Rosa v. United States*, 170 F. Supp. 2d 388, 408 (S.D.N.Y. 2001); *Alcantara v. United States*, 2003 WL 102873 at *2 (S.D.N.Y. Jan. 10, 2003).  Sisk knowingly and voluntarily waived his right to appeal when he pled guilty.  *See* Ct. R. 60-3 at pp. 9, 14-16 (quoted *supra*).  Additionally, Sisk was sentenced within the range specified in the Memorandum of Understanding that he signed prior to pleading guilty.  Therefore, his attorney's conduct in refusing to appeal the sentence was not objectively unreasonable, and Sisk's ineffective assistance of counsel claim is without merit.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Vacate, Set Aside, or Correct Sentence and for other relief [55] filed by Ronald Sisk is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion to Relate Back Amendment [58] in which Ronald Sisk requested appointment of counsel is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that all other pending motions are **MOOT**.

**SO ORDERED AND ADJUDGED** this the 12th day of February, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE